# UNITED STATES BANKRUPTCY COURT
# MIDDLE DISTRICT OF ALABAMA

In re:

CAROLYN T. MOULTRY AND
JAMES R. MOULTRY, SR.,

    Debtors.

Case No. 19-31794-CLH
Chapter 13

### MEMORANDUM OPINION AND ORDER CONDITIONALLY GRANTING AMENDED MOTION TO APPROVE COMPROMISE OR SETTLEMENT

On October 17, 2024, this matter came before the Court on the Amended Motion to Approve Compromise or Settlement (the "Motion) filed by Carolyn T. Moultry and James R. Moultry Sr. (together, the "Debtors") [Doc. No. 112].[1] Upon consideration of the pleadings of record and the parties' arguments, and for the reasons below, the Motion is CONDITIONALLY GRANTED.

### I.     Jurisdiction

The Court has jurisdiction to hear this matter pursuant to 28 U.S.C. § 1334(b) and the General Order of Reference entered by United States District Court for the Middle District of Alabama on April 25, 1985. Venue is proper pursuant to 28 U.S.C. § 1408. This is a core proceeding under 28 U.S.C. § 157(b)(2)(A), (M) and (O).

### II.     Background and Procedural History

On June 28, 2019 (the "Petition Date"), the Debtors filed a petition for relief under Chapter 13 of the Bankruptcy Code. [Doc. No. 1].[2] In Schedule A/B, the Debtors listed a 2017 Volkswagen Passat (the "Vehicle") and valued it at $14,300.00. [Doc. No. 1, p. 11]. In Schedule

---

[1] "Doc. No." refers to the docket number for a filing in the instant bankruptcy case, Case Number 19-31794.
[2] All references to the "Code" or the "Bankruptcy Code" are to 11 U.S.C. §§ 101-1532, and references to a "section" are to a section of the Bankruptcy Code.

D, the Debtors listed VW Credit, Inc. d/b/a Volkswagen Credit ("VW Credit") as a secured creditor holding a claim in the amount of $17,277.00. [Doc. No. 1, p. 20]. On October 13, 2019, VW Credit filed a proof of claim asserting a secured claim in the amount of $17,019.42 with a fixed annual interest rate of 11.74%. [Claim No. 15-1].[3]

The Debtors' amended plan (the "Plan") was confirmed on January 20, 2020. [Doc. No. 68]. Because the debt associated with VW Credit's claim was incurred by the Debtors within 910 days of the Petition Date and the Vehicle was acquired for the Debtors' personal use, the Plan did not modify the value of VW Credit's secured claim. Under the Plan, the Debtor was to pay $17,019.42 at an interest rate of 6.50% over 58 months. [Doc. No. 65].[4]

On or about March 2, 2024, the Debtors were involved in an automobile collision, and the Vehicle was declared a total loss by their insurer, State Farm Mutual Automobile Insurance Company ("State Farm"). State Farm proposed to settle the claim for $8,505.09 (the "Insurance Proceeds"). In the Motion, the Debtors request to use the Insurance Proceeds to complete payments under the Plan, which at the time of the hearing had an estimated remaining balance of $3,564.17. [Doc. No. 112].

In its response, VW Credit opposes the use of the Insurance Proceeds to pay off the Plan balance. [Doc. No. 114]. VW Credit asserts that the Insurance Proceeds are subject to its lien under Alabama Code §§ 7-9A-102(a)(64)(E), 7-9A-203(f) and 7-9A-315(c). VW Credit further asserts that pursuant to 11 U.S.C. 1325(a)(5)(B)(i), this lien secures the contractual balance owed to it by the Debtors – estimated to be $5,412.00 – until the Debtors receive a discharge. This, VW Credit argues, precludes the use of the Insurance Proceeds for payment of the Plan balance.

---

[3] "Claim. No." refers to the claim number for a claim filed in the instant bankruptcy case, Case Number 19-31794.
[4] The Debtors' Motion to Modify a Confirmed Chapter 13 Plan [Doc.78], granted by an order dated October 31, 2020 [Doc. No. 82], did not alter the treatment of VW Credit's claim.

-2-

### III. Legal Analysis and Conclusions of Law

The Motion exposes the tension between the binding effect of confirmation and the requirement that a plan protect the contractual rights of objecting secured creditors until the debtor receives a discharge. Under section 1327(a), the alteration of a secured creditor's contractual rights is binding during the case and upon the entry of a discharge order:

> The provisions of a confirmed plan bind the debtor and each creditor, whether or not the claim of such creditor is provided for by the plan, and whether or not such creditor has objected to, has accepted, or has rejected the plan.

11 U.S.C. § 1327(a). Under section 1327(a), a creditor's interest in property of the estate is limited to the terms set forth in a confirmed plan. *See Ford Motor Credit Co. v. Stevens (In re Stevens)*, 130 F.3d 1027, 1029 (11th Cir. 1997); *In re Witherspoon*, 281 B.R. 321, 322 (Bankr. S.D. Ala. 2001); *In re Suter*, 181 B.R. 116, 119–20 (Bankr. N.D. Ala. 1994); *In re Smith*, 616 B.R. 773, 779 (Bankr. E.D. Ark. 2020).

While the provisions of a confirmed plan generally determine what a creditor will receive, section 1325(a)(5)(B)(i)(I) provides a safety valve for objecting secured creditors in that they can recover amounts available under applicable nonbankruptcy law (i.e., amounts due under the contract) if the debtor does not receive a discharge:

> Except as provided in subsection (b), the court shall confirm a plan if –
> . . .
> (5) with respect to each allowed secured claim provided for by the plan –
> . . .
>     (B)(i) the plan provides that –
>         (I) The holder of such claim retains the lien securing such claim until the earlier of—
>             (aa) the payment of the underlying debt determined under nonbankruptcy law; or
>             (bb) discharge under section 1328 . . .

11 U.S.C. § 1325(a)(5)(B)(i)(I). This section was added by the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 ("BAPCPA") to preserve a creditor's state law claims if a debtor's case is dismissed prior to discharge but after full payment of the secured portion of creditor's claim under a confirmed plan. *Smith*, 616 B.R. at 778. Because nonconsensual modifications to contract terms generally do not occur outside the bankruptcy context, section 1325(a)(5)(B)(i)(I)(aa) requires full payment of the contractual balance owed to creditors in the event of a dismissal. *See In re Cotton*, Case No. 11-42420-13-DRD, 2015 Bankr. LEXIS 3203, at *3 (Bankr. W. D. Mo. Sep. 22, 2015).[5]

In the present case, there are two primary issues related to these provisions. The first is whether VW Credit currently has a lien on the Insurance Proceeds, and, if so, to what extent. If VW Credit maintains a lien on the Insurance Proceeds, the second issue is whether the Debtors may use the Insurance Proceeds to complete their payments under the Plan, enabling the Debtors to obtain a discharge.

### A. VW Credit has a lien on the Insurance Proceeds to the full extent of the contractual balance but is bound by the terms of the Plan.

Under Alabama's Uniform Commercial Code, "[a] security interest in proceeds is a perfected security interest if the security interest in the original collateral was perfected." Ala. Code § 7-9A 315(c) (2023). VW Credit held a properly perfected security interest in the Vehicle and, as a result, now holds a perfected security interest in the Insurance Proceeds. Under section

---

[5] Here, VW Credit's claim is subject to the hanging paragraph in section 1325(a), so its claim cannot be bifurcated into secured and unsecured amounts as otherwise permitted under section 506(a). The difference in the contractual balance and plan balance here results from modification to the interest rate. Even when a claim cannot be bifurcated, the debtor may modify the claim so long as "the value, as of the effective date of the plan, of property to be distributed under the plan on account of such claim is not less than the allowed amount of such claim." 11 U.S.C. § 1325(a)(5)(B)(ii). If the Debtors do not receive a discharge, VW Credit would be entitled to collect its contractual interest rate, 11.74%, rather than the plan interest rate, 6.50%.

541(a)(6), the Insurance Proceeds are property of the estate subject to the terms of the confirmed plan. 11 U.S.C. § 541(a)(6); *see Witherspoon*, 281 B.R. at 322–23; *Suter*, 181 B.R. at 120.

Although section 1325(a)(5)(B)(i) dictates that VW Credit has a lien on the Insurance Proceeds to the full extent of the contractual balance, under section 1327(a), VW Credit's present interest in the Insurance Proceeds is limited to the balance of its allowed secured claim under the Plan. *See Smith*, 616 B.R. at 778–79. VW Credit is entitled to receive the full contractual balance only if the Debtors do not obtain a discharge. *See* 11 U.S.C. § 1325(a)(5)(B)(i)(I). Because confirmation binds the parties, VW Credit's claim is determined by the provisions contained in the Debtors' confirmed plan.[6] *See* 11 U.S.C. § 1327(a); *Smith*, 616 B.R. at 779.

**B. The Debtors may not apply the Insurance Proceeds to complete payments under the Plan because there are additional impediments to discharge.**

Although VW Credit is entitled to receive only the remaining balance owed on its allowed secured claim under the Plan, its lien must be protected to the full extent of its contractual balance until either full payment under nonbankruptcy law, discharge, or dismissal. *See* 11 U.S.C. § 1325(a)(5)(B)(i). There is no dispute that the Insurance Proceeds are sufficient to pay not only the remainder of VW Credit's claim, but also the remainder of the Debtors' case. The question is

---

[6] In an opinion cited by VW Credit, the Bankruptcy Court for the Western District of Arkansas determined that the secured creditor was immediately entitled to insurance proceeds beyond its secured claim and in partial satisfaction of the contractual balance on its claim. *In re Strzelecki*, 509 B.R. 671, 674 (Bankr. W. D. Ark. 2014). However, the opinion did not consider Eleventh Circuit precedent and the effect of section 1327(a) and has since been contradicted by other bankruptcy courts in its circuit. *See, e.g., In re Smith*, 616 B.R. 773 (Bankr. E.D. Ark. 2020) ("while [Creditor] has a lien on all the insurance proceeds under Section 1325(a)(5)(B)(i), [Creditor] remains bound by the terms of the confirmed plan. Under the terms of the confirmed plan, the balance of its allowed secured claim is $282.94, which is [Creditor's] present interest in the insurance proceeds"). Under similar facts, the Eleventh Circuit explained that a creditor is "bound by the terms of its allowed claim and is therefore limited to recovering from the insurance proceeds the amount of its debt as determined under the Chapter 13 plan." *In re Stevens*, 130 F.3d 1027, 1029 (11th Cir. 1997); *see also In re Witherspoon*, 281 B.R. 321, 322–23 (Bankr. S.D. Ala. 2001); *In re Jones*, Case. No. 99-43196, 2004 Bankr. LEXIS 1520, at *5 (Bankr. S. D. Ga. June 4, 2004). The 2005 BAPCPA amendments did not change the effect of a confirmed plan and how that alters the relationship between creditor and debtor. Although a creditor may now maintain its lien in insurance proceeds, that merely operates as protection if a debtor does not receive a discharge. It does not entitle a creditor to immediate payment beyond the allowed claim operative under the Chapter 13 Plan.

whether the Debtors' completion of plan payments is sufficiently synonymous with the entry of the discharge order, such that using the Insurance Proceeds to pay the remainder of the Debtors' case would not violate section 1325(a)(5)(B)(i)(I)(bb).

Section 1325(a)(5)(B)(i)(I) provides that a creditor retains its lien until the earlier of full payment under nonbankruptcy law or discharge. This provision was enacted in 2005 as part of BAPCPA, which was broadly aimed at "correct[ing] perceived abuses of the bankruptcy system." *Milavetz, Gallop & Milavetz, P.A. v. United States*, 130 S.Ct. 1324, 1329 (2010). Congress hoped to "ensure that debtors who can pay creditors do pay them." *Ransom v. FIA Card Servs.*, 131 S. Ct. 716, 721 (2011). As such, the Court must consider whether allowing the Debtors to use the Insurance Proceeds to complete payments under the Plan would frustrate BAPCPA's purpose of protecting creditors.

While it is undisputed that the Insurance Proceeds are sufficient to pay off the remaining balance under the Plan, the Debtors concede there are unresolved issues related to certain mortgage advances that could delay or prevent entry of a discharge. In other words, application of the Insurance Proceeds to the Plan balance is not certain to lead to the entry of a discharge order. Although the risk to VW Credit is low, the uncertainty surrounding discharge gives the Court pause.

Alternatively, rather than applying the Insurance Proceeds to the Plan balance, VW Credit requests payment of any balance remaining on its secured claim, with the excess proceeds to be held in trust by the Chapter 13 Trustee until payments under the Plan are completed. In support, VW Credit relies on *In re Longmire*, Case No. 21-10503-JCO, 2022 Bankr. LEXIS 3311 (Bankr. S. D. Ala. Nov. 22, 2022.). In *In re Longmire*, the court addressed a creditor's right, prior to the debtor receiving a discharge, to insurance proceeds from a totaled vehicle that the debtor proposed

to "cramdown" in the plan. 2022 Bankr. LEXIS 3311, at *5. The court noted that "absent a discharge, any modifications to a creditor's rights imposed in the plan are not permanent and have no binding effect." *Id.* at *5 (citing *In re Colbourne*, 550 Fed. Appx. 687 (11th Cir. 2013)). The court in *In re Longmire* ordered that the creditor be paid the remaining balance owed on its claim, as "crammed down" under the plan, from the insurance proceeds and the excess proceeds be held in trust. *Id.* at *6-7. The court reasoned that because the creditor's claim had been "crammed down" and the requirements of section 1325(a)(5) had not been met, the court could not determine the final disposition of the excess proceeds until the case concluded. *Id.* at *6. While it was not directly addressed by the court in *In re Longmire*, it does not appear that the insurance proceeds at issue would have been sufficient to complete payments under the plan. Under those circumstances, any final disposition on the excess proceeds would have violated section 1325(a)(5)(B)(i)(I) and put the creditor at risk that the proceeds would be exhausted without the entry of a discharge order, depriving the creditor of its contractual rights.

Similarly, other courts have concluded that section 1325(a)(5)(B)(i)(I) requires that excess funds be held until discharge. *See, e.g.*, *In re Perry*, Case No. 09-04429-8-JRL, 2011 Bankr. LEXIS 4513, at *4 (Bankr. E.D.N.C. Oct. 24, 2011); *In re Ross*, Case No. 11-04792-HB, 2015 Bankr. LEXIS 1977, at *14 (Bankr. D.S.C. June 16, 2015); *In re Pagan*, 638 B.R. 887, 897 (Bankr. E.D. Wis. 2022); *In re Norred*, Case No. 09-40186-ELP13, 2011 Bankr. LEXIS 3610, at *11–12 (Bankr. D. Ore. Sep. 21, 2011). Once again, the courts that have reached this conclusion have done so in a context where the insurance proceeds were insufficient to completely pay off the plan.

This case is distinguishable because the Insurance Proceeds, if applied, would be certain to complete payment of the Plan balance. However, the unresolved mortgage insurance advances, in an unknown amount, cloud any certainty that the Debtors will swiftly receive a discharge upon

completion of the payments under the Plan.[7] As a result, the Court finds that the Insurance Proceeds must be remitted to the Trustee, and any funds remaining after the payment of VW Credit's allowed secured claim should be held in trust until the Debtors receive a discharge.

## IV. CONCLUSION

For the foregoing reasons, it is hereby

ORDERED that the Motion is CONDITIONALLY GRANTED. State Farm is directed to remit the Insurance Proceeds to the Chapter 13 Trustee. The Trustee shall pay to VW Credit the balance owed under the Plan on the allowed secured claim, if any, and hold the remaining funds in trust pending a discharge or dismissal. If the Debtors obtain a discharge, the Insurance Proceeds shall be remitted to the Debtors. If the Debtors' case is dismissed, the Chapter 13 Trustee shall remit from the Insurance Proceeds to VW Credit the amount necessary to pay the contractual balance owed to VW Credit, with any remaining amount to be remitted to the Debtors.

Done this 5th day of December, 2024.

Christopher L. Hawkins
United States Bankruptcy Judge

c: Debtors
Richard D. Shinbaum, Attorney for Debtors
Sabrina McKinney, Trustee
Paul J. Spina III, Attorney for VW Credit Inc.
VW Credit Inc.

---

[7] If the issue of unresolved mortgage advances did not exist, and if there were no other impediments to discharge, the Court might have been inclined to allow application of the Insurance Proceeds to satisfy the Plan balance. The Court does not foreclose the possibility of doing so in future cases.